**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-7120

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

GABRIEL OSHEL LEWIS,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:16-hc-02209-BO)

Submitted:  March 20, 2024                      Decided:  May 29, 2024

Before WILKINSON, NIEMEYER, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

ON BRIEF:  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, Genna D. Petre, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Oshel Lewis appeals from the district court's order revoking his conditional release and remanding him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. On appeal, Lewis contends that the court's finding that his continued release would create a substantial risk of bodily injury to another or serious damage to property of another was clearly erroneous. Finding no error, we affirm.

When a district court is asked to revoke an individual's conditional release granted pursuant to 18 U.S.C. § 4246(e), it must hold a hearing to:

> determine whether the [individual in question] should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(f). Accordingly, a district court may revoke conditional release on finding by a preponderance of the evidence "that (1) the individual failed to comply with his treatment regimen, including all conditions reasonably related thereto, and that, in light of that failure, (2) his continued release would create a substantial risk of bodily injury to another." *United States v. Perkins*, 67 F.4th 583, 615, 637 (4th Cir. 2023). We review the court's factual findings for clear error and its legal conclusions de novo. *Id.* at 589-90. We have acknowledged that "district courts generally are accorded great latitude when determining whether a mentally ill defendant is ready to be released and under what conditions. But the district court's finding(s) in support of revocation, or permitting continued conditional release (with or without modified conditions), must, as we have noted, contain a reasoned and logical linkage of the statutory questions sufficient for us to

2

perform our obligations on review." *Id*. at 637 (citations and internal quotation marks omitted).

If "a conditionally released individual is homeless, suffering from schizophrenia, exhibiting paranoia, refusing to take psychotropic medication, and avoiding further psychiatric evaluation, the dots are readily connected with little in the way of explanation." *Id*. at 636 (noting the district court's requirement to explain on the record why the subject is a substantial risk of bodily injury to another or serious damage to property). Plus, past overt acts of violence are not required to prove substantial dangerousness under § 4246. *See United States v. Sahhar*, 917 F.2d 1197, 1207-08 (9th Cir. 1990). A finding of substantial risk under § 4246 "may be based on *any* activity that evinces a genuine possibility of future harm to persons or property." *Id*. at 1207.

We conclude that the district court did not err in finding that, based on the record and the opinion of the forensic psychologist, that Lewis' continued release would create a substantial risk of bodily injury to another or serious damage to the property of another. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*